RUHL et al. v. THOMAS.

(Supreme Court, Appellate Division, Second Department.　January 31, 1901.)

CONTRACT — EXCHANGE OF LANDS — INTEREST ON MORTGAGES—AGREEMENT TO
PAY—RECOVERY.

Where, on an exchange of lands, plaintiffs' equity was less than defendant's, for which difference they gave notes, check, and cash, and earned but not due interest on mortgages on the property was allowed defendant as an incumbrance in addition to the principal of the mortgages, plaintiffs, being obliged to pay the interest, may recover it from defendant, since the original payment by plaintiffs on account of the interest was consideration for an implied promise by defendant to pay the interest when due.

Appeal from municipal court, borough of Brooklyn, Fifth district.

Action by Franz Ruhl and another against Anna M. Thomas. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles M. Gilbert, for appellant.
Charles H. Kelby, for respondents.

GOODRICH, P. J.　At the settlement of a contract for the exchange of real estate between the parties, a statement of account was made up, showing the method of settlement. The equity of the plaintiffs in their premises was $2,171.14 less than the equity of the defendant in her premises. This difference was paid by the plaintiffs to the defendant in two notes of $500 each, $600 in a certified check, and $557.79 in cash, together with some taxes. The statement contains the stated amount of the interest on the plaintiffs' mortgages, which, though earned, was not then due; the day of payment not having arrived. It was thereupon allowed to the defendant as an incumbrance on the property in addition to the principal of the mortgages. It is true that she took the conveyance of the plaintiffs' premises subject to the mortgages, and did not assume and covenant to pay them. The result, however, is tantamount to the payment of that sum in cash to her. This is not an attempt to vary the terms of the written contract between the parties. The action is based upon the defendant's actual receipt of money greater in amount than she would have received if there had been no interest earned. The plaintiffs actually paid the defendant, in check and cash, $1,171. This payment was a consideration for an implied promise by the defendant to pay the interest when it became due. By the nonpayment the plaintiffs have been compelled to pay the interest, and may maintain this action, which is for the recovery of the amount. The judgment should be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.